APPEAL OF GUARANTY TRUST CO., EXECUTOR, ESTATE OF
CLAIRE LOUISE BURTON.

Docket No. 3272.   Submitted June 29, 1925.   Decided January 26, 1926.

> The decedent received from the administrator of the estate of
> her deceased husband, who died less than five years prior to the
> date of her own decease, $127,035 in settlement of certain law-
> suits. The evidence does not show whether such receipt was a
> gift, bequest, devise, or inheritance from the estate of the de-
> ceased husband.

*Irving Gordon, Esq.*, for the taxpayer.
*J. C. Swayze, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, LOVE, and SMITH.

This is an appeal from the determination of a deficiency in estate
tax in the amount of $7,630.06. The issue is whether there should
be deducted from the gross estate of the decedent, under the provi-
sions of section 403 (a) (2) of the Revenue Act of 1921, $127,035
claimed to have been received from the estate of the decedent's
husband, who died less than five years from the date of the death
of the taxpayer decedent.

### FINDINGS OF FACT.

Frank Vincent Burton, the husband of Claire Louise Burton, died
March 11, 1922. His estate paid a Federal estate tax, levied under
the provisions of the Revenue Act of 1921, upon the sum of $127,035,
which sum was paid to Claire Louise Burton, as hereinafter men-
tioned. Claire Louise Burton, hereinafter referred to as the dece-
dent, died August 30, 1923. Prior to the date of her death, or on
or about May 24, 1923, the decedent received from the administrator
of the estate of Frank Vincent Burton, in settlement of certain
law suits then pending, the sum of $127,035. This sum was placed
to the credit of the decedent on the books of the Guaranty Trust
Co. on May 24, 1923. On the day previous the decedent's balance
in the Guaranty Trust Co. was $16,045.77. On June 26, 1923, the
decedent purchased 100 shares of Union Pacific Railroad Co. com-
mon stock at a cost of $13,420 and 100 shares of American Car &
Foundry common stock at a cost of $16,620. On June 29, 1923,
she purchased 100 shares of United States Steel Corporation com-
mon stock at a cost of $9,315 and 100 shares of American Telephone &
Telegraph stock at a cost of $12,115. The total cost of these shares
of stock was $51,470. The cost of the purchases was charged against

the decedent's personal account in the Guaranty Trust Co.  A transcript of the account of Mrs. Claire Louise Burton in the Guaranty Trust Co. from May 1, 1923, is as follows:

| Date. | Debit. | Credit. | Balance. |
|-------|--------|---------|----------|
| **1925.** | | | |
| May 1 | | | $16,045.77 |
| May 24 | | $127,035.00 | 143,080.77 |
| Interest to May 26 | | 58.70 | 143,139.47 |
| June 4 | | 1,579.00 | 144,718.47 |
| June 6 | $15.00 | | 144,703.47 |
| June 7 | { 75.00 | | 144,628.47 |
|  | .18 | | 144,628.29 |
| June 8 | 100.00 | | 144,528.29 |
| June 18 | 100.00 | | 144,428.29 |
| June 19 | 100.00 | | 144,328.29 |
| Interest to June 26 | | 305.96 | 144,634.25 |
| June 26 | { 13,420.00 | | 131,214.25 |
|  | 16,620.00 | | 114,594.25 |
| June 29 | { 9,315.00 | | 105,279.25 |
|  | 12,115.00 | | 93,164.25 |
| June 30 | | 125.00 | 93,289.25 |
| July 2 | | 150.00 | 93,439.25 |
| July 3 | 100.00 | { | 93,339.25 |
|  | | 2,522.00 | 95,861.25 |
| July 7 | | 137.50 | 95,998.75 |
| July 9 | | 1,500.00 | 97,498.75 |
| July 17 | 100.00 | | 97,398.75 |
| July 20 | | 14.88 | 97,413.63 |
| Interest to July 26 | | 198.22 | 97,611.85 |
| July 26 | 100.00 | | 97,511.85 |
| July 27 | { | 2,500.00 | 100,011.85 |
|  | 1,000.00 | | 99,011.85 |
| Aug. 1 | | 725.00 | 99,736.85 |
| Interest to Aug. 26 | | 211.16 | 99,948.01 |

On June 20, 1923, the decedent, Claire Louise Burton, stated to D. R. Crocker, assistant to the trust officer of the Guaranty Trust Co. of New York, that there had recently been received by her a sum in excess of $100,000.  On or about June 23, 1923, the decedent requested Crocker to purchase for her the following securities at certain prices:

One hundred shares American Car & Foundry common.

One hundred shares American Telephone & Telegraph common.

One hundred shares Union Pacific Railroad Co. common.

One hundred shares United States Steel Corporation common.

The above-named securities were purchased by the Trust Co. and the cost was charged to decedent's checking account in accordance with her instructions.  The decedent was ill at the time and it was not until several weeks had elapsed that the question of investing the balance was mentioned.  Some time in July, 1923, the decedent told Crocker that she expected to invest the balance of the money which she had received as soon as she felt better.

### DECISION.

The determination of the Commissioner is approved.

## OPINION.

SMITH: In the estate-tax return filed by the Guaranty Trust Co. of New York for Claire Louise Burton, deceased, there was deducted from the gross estate $127,035, upon the ground that this amount was received by the decedent from the estate of her husband, who died less than five years prior to the date of the death of the decedent. The deduction was disallowed by the Commissioner, apparently upon the ground that the $127,035 could not " be identified as having been acquired in exchange for property " received from the estate of the decedent's husband.

The law applicable to the issue involved is section 403 (a) (2) of the Revenue Act of 1921, which permits the deduction from the gross estate of a decedent, in the determination of the net estate, of " an amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent where such property can be identified as having been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received."

In the instant appeal the decedent received from the administrator of the estate of Frank Vincent Burton, in settlement of certain pending law suits, the sum of $127,035. The Board is not informed of the character of these law suits, or whether the amount constituted a " gift, bequest, devise, or inheritance " received from the estate of her deceased husband.

On reference to the Board, JAMES did not participate.